E-FILED
Friday, 17 February, 2023  04:52:34 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **JITENDER SINGH AMAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-3227** |
| | ) | |
| **UR M. JADDOU, Director,** | ) | |
| **U.S. Citizenship and Immigration** | ) | |
| **Services (USCIS)** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Defendant Director of the U.S. Citizenship and Immigration Service (USCIS) Ur M. Jaddou's Motion to Remand (d/e 4).  The Court finds that USCIS is best suited to adjudicate Plaintiff Jitender Amar's naturalization application.  Defendant's Motion is, accordingly, granted.

Plaintiff Amar filed an application for naturalization with the USCIS on July 4, 2019.  After the usual examination process for applicants, the USCIS granted Mr. Amar's application and scheduled him for naturalization on April 3, 2020.  That ceremony was cancelled on March 20, 2020 in light of the pandemic caused

by COVID-19.  Mr. Amar has not been rescheduled for naturalization in the time since—a period of nearly three years.  In response to this lengthy delay, Mr. Amar has filed the present suit under 8 U.S.C. § 1447(b), 5 U.S.C. §§ 555(b) and 706(1), and 28 U.S.C. § 1361.  Mr. Amar seeks a declaration that he is eligible for naturalization and an Order compelling Defendant to schedule Mr. Amar for a naturalization ceremony "within a specified period of time."  See Compl. ¶ 12.

Defendant, in turn, requests the Court remand this matter back to the USCIS for further proceedings within that agency.  Specifically, Defendant requests an order remanding to the USCIS so the USCIS may reopen Mr. Amar's application for naturalization because the USCIS has "received derogatory information" concerning Mr. Amar since initially Mr. Amar's application was granted and the original ceremony cancelled.

Under 8 U.S.C. § 1447(b), an applicant for naturalization may request a hearing on his application if the USCIS fails "to make a determination" on the application within 120 days after the date on which the applicant's examination was conducted.  8 U.S.C. § 1447(b).  The applicant must request the hearing from the United

States District Court for the district in which the applicant resides. Id.  The district court may then "either determine the matter or remand the matter, with appropriate instructions, to [USCIS]."  Id.

"Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."  I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002). This is especially true in cases involving questions of immigration, when facts and circumstances of the case change, when the agency can "bring its expertise to bear upon the matter," and when there is ample opportunity for later judicial review if the agency "exceeds the leeway that the law provides."  Id. at 16–17.

Mr. Amar argues that this matter should not be remanded because Defendant has been unspecific in Defendant's own arguments.  Mr. Amar states that Defendants only cite newly discovered "derogatory material" as a basis for seeking a remand and that Defendant does not specify a timeline for when Defendant intends to address such information in Mr. Amar's application process before the USCIS.

Defendant's lack of details does not defeat its request for remand.  Federal regulations specifically allow the USCIS to halt an

applicant's naturalization at this stage of the process.  Section 335.5 of Title 8 of the Code of Federal Regulations states, "[i]n the event that USCIS receives derogatory information concerning an applicant whose application has already been granted . . ., but who has not yet taken the oath of allegiance . . ., USCIS shall remove the applicant's name from any list of granted applications . . . until such time as the matter can be resolved."  8 C.F.R. § 335.5.  The regulation then requires USCIS to "notify the applicant in writing of the receipt of the specific derogatory information" and "a motion to reopen the previously adjudicated application" while "giving the applicant 15 days to respond."  Id. While Defendant has not stated when USCIS first received the alleged derogatory information, it is clear from the regulations that the proper course is to allow USCIS to fulfill its requirements at the agency level by providing Mr. Amar notice of the information and a motion to reopen his application and allowing Mr. Amar 15 days to respond.

Defendant's lack of a specified timeline also does not weigh heavily against remand.  As 8 U.S.C. § 1447(b) provides, the Court may "remand the matter, with appropriate instructions, to [USCIS]."

District courts commonly use their authority under this provision to require USCIS to carry out its statutory and regulatory duties in specified time periods.  See Assioua v. Holder, No. 10 C 5548, 2011 WL 862087, at *2 (N.D. Ill. Mar. 9, 2011) (collecting cases).  The Court sees no reason it cannot do the same here.

Finally, the Court agrees with Defendant that remand will preserve judicial resources, allow the USCIS to exercise its expertise in immigrations issues in the first instance, and ensure Mr. Amar receives timely process.

It is THEREFORE ORDERED that,

(1)   Defendant's Motion to Remand (d/e 4) is GRANTED.

(2)   This matter is REMANDED to the USCIS.

(3)   The USCIS shall reopen Mr. Amar's Form N-400 Application for Naturalization within 14 days of the entry of this Order under the procedures set forth in the federal regulations including but not limited to 8 C.F.R. § 335.5.

(4)   The USCIS shall issue a final determination on Mr. Amar's application within 45 days of the entry of this Order.

(5)  If USCIS does not issue a decision within 45 days, Plaintiff is given leave to move to vacate this Order and restart proceedings in this matter.

(6)  The parties are ordered to show cause to this Court, if necessary, for any failure to comply with the substance of this Order and to do so within 30 days of the expiration of the deadlines set forth above.  This Court will retain jurisdiction over the matter in the interim to ensure that the USCIS complies with this Order.

**IT IS SO ORDERED.**
**ENTERED: February 17, 2023.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**